## John Nelson *vs.* Andrew Hanson.

### April 2, 1891.

**Action by Vendor to Cancel Contract—Conditions in Decree.—**The purchaser, under a contract for the sale of land, being in default in respect to the payments to be made by him, and the vendor seeking the cancellation of the contract on that ground, it is proper for the court by its judgment to cancel the contract, unless, within a reasonable time fixed by the court, payment be made of all which may be due at such time, including a sum not due at the time the decision is made.

**Same—Acceptance of Payment during Trial.—**Acceptance by the vendor, during the trial of such an action, of a part of the amount then due him, does not impair his right to such a judgment.

Appeal by defendant from a judgment of the district court for Watonwan county, where the action was tried by *Severance, J.*

*J. W. Seager*, for appellant.

*Kueffner & Fauntleroy*, for respondent.

Dickinson, J.[1]　This is an action for the cancellation of a contract executed between these parties in July, 1887, for the sale of land by the plaintiff to the defendant, the cause of action being the default of the defendant to perform the conditions of the contract in respect to the payments to be made by him.　The contract required the defendant to make payments, with interest, as follows:　$100 at the time of making the contract, which was paid; $600, January 1, 1888, of which sum only $262 has been paid, that payment having been

---

[1] Mitchell, J., being necessarily absent when this decision was filed, did not take part in it.

made January 20, 1888; $175, January 1, 1889, which was paid and accepted October 2, 1889, during the trial of this action; and $175, January 1, 1890, which has not been paid. He was also to assume and pay an existing mortgage upon the land. If default should be made, the contract was to be void at the election of the plaintiff, time being declared to be of the essence of the agreement. The court rendered its decision December 2, 1889, ordering judgment for the cancellation of the contract, unless the plaintiff should, on or before January 20, 1890, pay the balance remaining unpaid of the $600 which was payable January 1, 1888; and also the $175 which was to become payable January 1, 1890. This was not done, and, judgment having been entered in accordance with the order, the defendant prosecutes this appeal.

It is unnecessary to consider by what course of conduct on his part the plaintiff might himself have effectually terminated the contract rights of the defendant. The judgment does not rest on the ground that the contract had been annulled, and the rights of the defendant under it terminated, merely by the election or acts of the plaintiff. Although the contract had not been thus annulled, the defendant being in default, the plaintiff was entitled to invoke a cancellation of the contract by the judgment of the court; and in such a case the court should, as was done, fix a reasonable time within which the party in default should perform his contract obligation, and, in the event of his failure so to do, judgment should be rendered foreclosing him.

The decision of the court requiring the defendant to complete the payment, by January 20, 1890, of the sum which should have been paid more than two years prior to that time, is not subject to criticism. Nor was there any impropriety in requiring payment, at the time fixed, not only of the sum which had been so long overdue, but also of the further sum of $175 which would become due before that time. The jurisdiction of the court was to be exercised to the end of compelling performance by the party already in default, or of foreclosing him of the right to perform. It was a proper exercise of that jurisdiction to include the requirement that the defendant should, within the reasonable time named by the court, pay all that would

become due prior to that time; or, in other words, that he should either perform his contract obligation by that time or be foreclosed of his right to perform thereafter.

The payment and acceptance, during the trial of this action, of the $175 which became due in January, 1889, did not impair the right of the plaintiff to the relief which was awarded by the decision and judgment of the court. It would probably have been effectual to preclude the plaintiff from resisting the right of the defendant thereafter to complete the performance of the contract on the ground that by its own terms, or by the election of the plaintiff, the contract had become null. But, as has been already said, the decision and judgment do not rest upon that ground, but only upon the default of the defendant to perform, either within the times stated in the contract or within the further time allowed by the court for performance.

It is not important that the plaintiff alleges in his complaint that the contract became null. The relief awarded is within the proper scope of the action, and such as the facts pleaded justified.

Judgment affirmed.